THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellee, J. MAX MITCHELL *et al.*, Defendants-Appellants.

(No. 70-183;

Fifth District—January 23, 1973.

Harris and Lambert, of Marion, for appellants.

William J. Scott, Attorney General, of Springfield, (James W. Sanders, Special Assistant Attorney General, and William P. Ryan, Assistant Attorney General, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is a condemnation case in which defendants appeal from a jury verdict in the Circuit Court of Franklin County in the amounts of $1356 as damages for the land taken for highway use and $1000 as damages to the land not taken. Earlier, under the Illinois "quick-take" procedure, preliminary just compensation for this same property was determined and paid in the amount of $1350 for the land taken and $6000 as damages to the remaining land.

Appellants argue that they were deprived of a fair trial in that the jury's verdict was the result of passion and prejudice improperly instilled in them by the petitioner-appellee's conduct of the trial.

The principal question in this case is whether defendants were denied a fair and impartial trial because the attorney for petitioner was permitted to inject into the case by cross-examination highly speculative evidence that the value of the remainder of defendant's land would be enhanced by the construction of the new road, because it would then be valuable for purposes in addition to farming.

■■ Special benefits accruing to the remainder of the property by reason of the improvement may be set off against resulting damage to land not taken, "yet such benefits must be real and substantial, not chimeral or speculative, and must be capable of measurement and computation." *Dept. of Public Works & Bldgs. v. Divit,* 25 Ill.2d 93 at 101.

Two witnesses testified in behalf of petitioner concerning the value to the land taken and the damage to the land not taken. Both testified that the highest and best use of the land, both before and after the taking, was for farm purposes. Neither of these witnesses was even asked nor did either testify that the value of the remainder of the tract would be benefited by the road in question.

Over the objection of the defendant, the attorney for the petitioner repeatedly inquired of defendants' valuation witnesses whether the value of the remainder would not be enhanced by the new highway cutting through it because it would then be suitable for purposes other than farming. Thus, petitioner's attorney was allowed to inject speculation

regarding enhancement of the property's value for other uses despite all witnesses, including petitioner's having limited their evaluations to the property as farm land, there being no evidence of other uses or other values. This was highly speculative, at variance with petitioner's pleadings and basic evidence, and patently designed to be harmful to defendants.

Counsel for petitioner cross-examined defendant J. Max Mitchell as follows:

"Q. What in your knowledge from knowing about new highways in this area, would you say that when a new highway is built in the area that land adjacent to the highway where it is not a freeway and no limited access, becomes more valuable adjacent to that highway?

A. This is farm land and that is not true as to this farm land.

Q. Don't you think since no access limitations here and no freeway that this land could be used for other purposes after this new improvement has been built other than farming?

MR. HARRIS: Object to that.

Q. Don't you believe that since no restrictions to access and no freeway that this land adjacent to this highway could be used for more purposes more valuable than farming?

A. In the first place there is—

Q. Just a minute, Mr. Mitchell, I know you are an attorney and this is difficult, but just answer my question. Is it in your opinion more valuable other than farm land after this improvement is built?

MR. HARRIS: Object to that.

THE COURT: Do you want to state some grounds.

MR. HARRIS: On the grounds the test is what was the value of land at the time of the improvement and the damages to land not taken.

MR. SANDERS: That is what we are asking about, we are talking about the land not taken.

THE COURT: That's right. Overruled, answer if you know.

Q. Answer my question please and don't make a speech.

MR. HARRIS: Oh, I object to that.

THE COURT: Just answer the question, Mr. Mitchell.

A. It is not my understanding that this is entirely free access and if you will restate the question and leave that out I think I can answer it.

Q. I can't leave that out, this is a non-limited access highway.

MR. HARRIS: Object to the statement of the counsel as to free access.

MR. SANDERS: That is not true, Your Honor.

THE COURT: He may bind his client and he may answer if he knows.

\* \* \*

Q. Would you answer that question as to whether or not you believe it is more valuable because you can build buildings or anything else you want to next to the highway?

A. The answer no.

Q. You do not think it is more valuable?

A. No, not for farm purposes."

He cross-examined Robert Ritchason, one of defendant's valuation witnesses as follows:

"Q. Would you say that because of this new highway across Max Mitchell's land and since no limitation as to access that this possibility exists that this land would be more valuable for business purposes because of this new highway than for farm purposes after the road is built?

A. I didn't take this into consideration.

MR. HARRIS: Object because it doesn't show that it would be more valuable for business purposes.

THE COURT: Well, this is a real estate man, he may answer if he knows.

A. I didn't consider that.

Q. So you are telling this jury that building this new road that you did not consider the fact that this land adjacent to this new road would be more valuable than for farming?"

He asked the same questions of another of defendants' valuation witnesses.

In *Chicago & St. Louis Ry. Co. v. Kline*, 220 Ill. 334, counsel for the State asked witnesses whether the fact that a certain tract of land, other than that condemned, had been sold for a certain price was a circumstance worth considering. He did not submit evidence that the properties were similar in locality and character. Even though the trial court sustained objections to the question, the Supreme Court reversed for this and other errors, stating that the effect of the questioning was to get before the jury, by means of questions, assumed facts which the defendants had no right to prove. The Supreme Court pointed out that "the harm is often done before the ruling, and a correct ruling is not always a sufficient antidote." Here, there was no correct ruling and the harm was

compounded by the overruling of defendant's objections, which, in effect, invited the jury to disregard the uncontradicted testimony that the highest and best use of the land not taken was for farm purposes.

■■ Admission of evidence based on speculative benefits by reason of the improvement is reversible error. (*Dept. of Public Works & Bldgs. v. Divit*, 25 Ill.2d 93.) In the present case counsel was permitted to do indirectly what he could not do directly, *i.e.*, get inadmissible evidence before the jury via cross-examination.

■■ In *Morse v. Michaelson*, 101 Ill.App.2d 366, 243 N.E.2d 271, the Appellate Court quoted with approval the following language from the case of *Chicago, Burlington & Quincy R.R. Co. v. Kelley*, 74 F.2d 80, 85 (CCA 8th Cir.):

> "The mere putting of a question which conveys to the jury improper information, and which tends to render the trial unfair, should ordinarily entitle the opposing party to a new trial. Standing alone, we should hesitate to grant a new trial for his misconduct because the court took great care in admonishing the jury to disregard these questions and any inferences that might arise therefrom, but it must be understood that the conduct was highly improper and wholly unwarranted."

and then went on to say:

> "In the instant case there was no admonishment by the court and therefore the question when considered in relation to the opening statement resulted in substantial prejudice to the defendants. See 109 A.L.R. 1091 and Gordon v. Checker Taxi Co., 334 Ill.App. 313, 79 N.E.2d 632."

In our opinion, the injection of questions implying that the remainder of the land was benefited by the improvement and that the highest and best use of it was for other than agricultural purposes denied appellants the fair and impartial trial to which they were entitled.

The judgment of the Circuit Court of Franklin County is reversed and this case is remanded for a new trial confined to the issue of damages to the land not taken.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.